IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

AARON SANDERS,

        **Plaintiff**,

v.

ANNA MARIE STEPHENS,

        **Defendant**,

CIVIL ACTION NO.: 1:25-CV-8
(JUDGE KLEEH)

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO RELEASE LIS PENDENS [ECF NO. 10]

By Referral Order [ECF No. 3] dated January 31, 2025, the Hon. Thomas S. Kleeh, Chief United States District Judge, referred this matter to the undersigned United States Magistrate Judge for entry of Orders or Reports and Recommendations, as appropriate, and to address other matters which may arise. Presently pending before the Court is Defendant's motion to release lis pendens [ECF No. 10], filed on February 20, 2025. The Court also is in receipt of *pro se* Plaintiff's response [ECF No. 15] in opposition to Defendant's motion, filed on February 25, 2205, as well as Plaintiff's additional exhibit [ECF No. 16] in support of his response, filed on February 27, 2025. Defendant did not file a reply in support of her motion.

On February 28, 2025, the undersigned convened a Status Conference, by videoconference, concerning the referred motion. Appearing at the Status Conference were Plaintiff, *pro se*, as well as Defendant, who appeared herself and by and through her counsel, Michael Clarke Cardi. The undersigned heard the arguments of both *pro se* Plaintiff and Defendant's counsel, and took the matter under advisement.

Upon review of Defendant's motion and Plaintiff's response, and the parties' arguments, and upon a thorough examination of the record and pertinent legal authority, Defendant's motion [ECF No. 10] is hereby **GRANTED in part** and **DENIED in part** for the reasons more fully set forth herein.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, *pro se*, filed the Complaint [ECF No. 1] herein on January 31, 2025, alleging that Defendant discriminated against Plaintiff based on Plaintiff's status as a disabled veteran. More particularly, Plaintiff alleges that Defendant is a real estate agent who refused to effectuate the sale of a certain piece of real estate to Plaintiff, that being the property located at 3264 Collins Ferry Road, Morgantown, West Virginia (the "Subject Property").[1] Id. Plaintiff alleges that he contacted Defendant about purchasing the Subject Property on or about January 27, 2025, and that he desired to purchase the Subject Property at full asking price. Id. Plaintiff intended to proceed with the transaction with a pre-approved home loan through the Department of Veterans Affairs and some amount of cash on hand. Id. However, Plaintiff alleges, Defendant refused to effectuate the sale of the Subject Property to him, including making certain statements which demonstrated a bias against veterans and disabled persons, providing "false" information concerning the Subject Property, and favoring other buyers who are not disabled. Id. Although it is not entirely clear from the Complaint, it appears that there was a different buyer who was prepared to pay cash for the Subject Property. Id. Plaintiff alleges that Defendant acts or omissions in this regard amounted to unlawful discrimination based on his status as a disabled veteran. Id.

Plaintiff claims injury in the form of emotional distress and financial loss. Id. He asserts two causes of action: (1) unlawful discrimination on the basis of his status as a disabled veteran,

---

[1] Nowhere in the Notice of Lis Pendens at issue [ECF No. 10-1] is this real estate identified by Tax Map and Parcel Number or other means of identification or location other than this street address.

in violation of the federal Fair Housing Act, 42 U.S.C. § 3601, et seq., and (2) unlawful discrimination on the basis of his status as a disabled veteran, in violation of the West Virginia Human Rights Act, W. Va. Code § 5-11-1, et seq. Id. Plaintiff seeks compensatory and punitive damages; injunctive relief ordering Defendant to comply with the statutes giving rise to his claims and to sell the Subject Property[2]; fees and costs; and a monetary sum of $850,000.00 (the basis of which is not clear from the Complaint).

Of particular relevance to Defendant's motion [ECF No. 10], Plaintiff has filed a Notice of Lis Pendens [ECF No. 10-1] with the Clerk of the County Commission of Monongalia County, West Virginia, which is of record in that office in Lis Pendens Book 6, at Page 563. By this Notice of Lis Pendens, Plaintiff gives notice of the instant action and identifies the Subject Property as the real estate which is the subject of the Notice of Lis Pendens.

By her motion [ECF No. 10], Defendant seeks an order releasing the encumbrance created by operation of the Notice of Lis Pendens. Defendant argues that Plaintiff's claims do not pertain to any right, title, or interest in or to the Subject Property itself. Rather, Defendant points out, Plaintiff primarily seeks an award of money damages. As such, the argument goes, it is improper for him to encumber the property by filing the Notice of Lis Pendens. Defendant also argues that she is not even a proper party as to this issue, insofar as she does not own the Subject Property.

## II. APPLICABLE LEGAL STANDARDS

As a threshold matter, the undersigned is mindful of Plaintiff's *pro se* status. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). However, a court

---

[2] Although Defendant does not state it explicitly in the Complaint, it appears that he would seek an order from this Court requiring the sale of the Subject Property to him.

may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

The process for perfecting a notice of lis pendens is set forth in West Virginia statute:

> Whenever any person shall commence a suit . . . to enforce any lien upon, right to, or interest in designated real estate, the pendency of such suit . . . shall not operate as constructive notice thereof to any pendente lite purchaser or encumbrancer of such real estate for a valuable consideration and without notice, until such person shall file for recordation with the clerk of the county court of each county where the real estate sought to be affected is situated, a memorandum or notice of the pendency of such suit . . . stating the title of the cause, the court in which it is pending, the names of all the parties to such proceeding, a description of the real estate to be affected, the nature of the lien, right or interest sought to be enforced against the same, and the name of the person whose estate therein is intended to be affected . . .

W. Va. Code § 55-11-2.

Importantly, per longstanding jurisprudence in West Virginia, a person who seeks to perfect a notice of lis pendens must have some particularized right to or interest in the real estate which is the subject of it. In other words, it is not enough that a lawsuit, legal claim, or cause of action arose from a real estate transaction (whether the transaction was desired, contemplated, or completed). Rather, the very title to the real estate must be in question – be it the effect of a lien on the property, an ownership interest in the property, or the right to do something in particular with or to the property. See generally Rardin v. Rardin, 85 W. Va. 145, 102 S.E. 295 (1919).

"[W]here the primary purpose of a lawsuit is to recover money damages, and the action does not directly affect the title to or right of possession of real property, the filing of a notice of lis pendens is inappropriate." State ex rel. Watson v. White, 185 W. Va. 487, 492, 408 S.E.2d 66, 71 (1991). See also State ex rel. Parkland Dev., Inc. v. Henning, 189 W. Va. 186, 189, 429 S.E.2d 73, 76 (1993). What is more, "A notice of *lis pendens* is properly filed pursuant to W. Va. Code § 55–11–2 (1981) only when a person seeks 'to enforce any lien upon, right to, or interest in

4

designated real estate.' The recordation of a formal notice of the pendency of a suit is required only if the proceeding is one to subject real estate to debt or liability." Watson, 185 W.Va., at 492, 408 S.E.2d, at 71 (quoting Rardin, 85 W.Va., at 150, 102 S.E., at 298). See also Mingo Cnty. Redevelopment Auth. v. Green, 207 W. Va. 486, 488, 534 S.E.2d 40, 42, n. 6 (2000).

Thus, a properly-lodged notice of lis pendens serves as constructive notice to the world that the person filing it is litigating a concrete interest or claim that affects the property's ownership, use, or disposal; as such, others who wish to take title to the property are warned against doing so pending resolution of the dispute. However, if a notice of lis pendens is improperly lodged, and the claimant-filer refuses to release it, then it may fall upon a court to step in. Watson, 185 W.Va., at 493, 408 S.E.2d, at 72.

### III. ANALYSIS

To be clear, in this matter, Defendant has no right, title, or interest in or to the Subject Property. Rather, all indications in the record are that it is owned by a third party. Plaintiff alleges only that Defendant served as a real estate agent in his effort to purchase the Subject Property. Thus, a threshold issue is whether Defendant has standing to bring the motion to release the lis pendens, insofar as it pertains to property which Defendant does not own. However, at the Status Conference before the undersigned, Defendant's counsel made a point, well taken, that Defendant herself is named in the Notice of Lis Pendens. As such, Defendant argues, she has standing to challenge the impropriety of a notice filed which contains her name. The undersigned agrees, and thus moves to the next part of the analysis.

The substantive analysis here is rather straightforward. As Defendant correctly argues, Plaintiff's claims do not have bearing on ownership of the Subject Property. His claims under the federal Fair Housing Act and the West Virginia Human Rights Act regarding alleged

discrimination are, principally, for money damages. The claims are not a vehicle to call into question any right, title, or interest in or to the Subject Property. Clearly, Plaintiff is unhappy with the brokering of the Subject Property for sale to another party. As such, Plaintiff argues that that is sufficient to allow him to challenge the very ownership of the Subject Property and compel its sale to him. However, he provides no authority for doing so under the statutes giving rise to his claims.

On a related note, Plaintiff did not name as a party-defendant anyone who has any right, title, or interest in or to the Subject Property. As such, he could not properly obtain any relief as to the Subject Property itself. In fact, during the Status Conference, upon questioning by the undersigned, Plaintiff acknowledged that the current owner of the Subject Property did not wrong him, and alleged that Defendant herein is the only party who wronged him.

All taken together, then, Plaintiff's claims do not implicate ownership of the Subject Property, and even if they did, there is no proper party-defendant named herein for Plaintiff to challenge the very ownership of the Subject Property. Therefore, the Notice of Lis Pendens is wholly improper under Rardin, Watson, and other applicable caselaw cited above. Accordingly, this instant Order is necessary and appropriate "to expunge the improperly filed notice from the records." Watson, 185 W. Va., at 493, 408 S.E.2d, at 72.

In addition to the request for entry of an Order releasing the Notice of Lis Pendens, Defendant also requests relief in the form of attorney's fees and costs incurred in seeking expungement of the lis pendens, an award of punitive damages, and further damages arising from interference with or delay of the sale of the Subject Property. The undersigned declines to order such awards at this time, but Defendant is invited to renew such requests if Plaintiff persists with improper or abusive use of any legal processes during the pendency of this action.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion [ECF No. 10] is **GRANTED in part** insofar as Defendant requests the entry of an Order, in recordable form, to release the Notice of Lis Pendens. It is so **ORDERED**. It is further **ORDERED** that this Order operates to release the encumbrance created by that certain Notice of Lis Pendens of record in the Office of the Clerk of the County Commission of Monongalia County in Lis Pendens Book 6, at Page 563. To this end, the Clerk of the Court is **DIRECTED** to forward a certified copy of this Order to the Clerk of the County Commission of Monongalia County, West Virginia, and to do so by certified mail, return receipt requested. Upon receipt of the same, the Clerk of the County Commission of Monongalia County, West Virginia is **ORDERED** to file this Order in the appropriate index in that office for releases of lis pendens and otherwise mark as "released" that certain Notice of Lis Pendens of record in that office in Lis Pendens Book 6, at Page 563.

Otherwise, Defendant's motion [ECF No. 10] is **DENIED in part** insofar as Defendant seeks an award of attorney's fees and costs, and punitive and other damages. It is so **ORDERED**.

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

It is all so **ORDERED** and **DIRECTED**.

**DATED: March 14, 2025.**

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE